**Gregory Michael MacGregor** (SBN: 61970)
**Sangeeta A. Madhok** (SBN: 170944)
**Joshua N. Willis** (SBN: 161727)
**John V. Tamborelli** (SBN: 134027)
**MacGREGOR | MADHOK LLP**
21700 Oxnard Street, Suite 1590
Woodland Hills, California 91367
Telephone: (818) 710-3666 Fax: (818) 697-4881
E-mail: info@macgregormadhok.com

Attorneys for Defendant
**Allstate Insurance Company**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD WILSTEIN; JOYCE WILSTEIN, <br><br> Plaintiffs, <br><br> vs. <br><br> ALLSTATE INSURANCE COMPANY, a California corporation; and DOES 1 through 100, inclusive <br><br> Defendants. <br> _____ | Docket No. 2:18-cv-05195 ODW(GJSx) <br><br> Assigned to the <br> Hon. Otis D. Wright, II <br> Courtroom 5D <br><br> **Magistrate Judge: Gail J. Standish** <br><br> ***UNOPPOSED EX PARTE* APPLICATION AND MOTION OF DEFENDANT ALLSTATE INSURANCE COMPANY FOR AN ORDER IN RE CONTEMPT OF THIRD-PARTY WITNESS DAWNYANA THURSTON FOR FAILURE TO APPEAR AT DEPOSITION; EXTEND THE TIME FOR THE LIMITED PURPOSE OF THE DEPOSITION; SANCTIONS; AND SERVICE BY POSTING ON DOOR OF HOME ETC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Complaint Filed: February 15, 2018 <br><br> Trial Date: April 7, 2020 <br><br> [Declarations of John V. Tamborelli, and Joshua Willis and Proposed Order Submitted, Concurrently Herewith] |

**MacGregor Madhok LLP**

Per L.R. 7-19, Plaintiffs' Counsel is:

**Allen Ball, Esq.**
**Law Office of Ball & Yorke**
1001 Partridge Drive, Suite 330
Ventura, CA 93003
*(805) 642-5177*
*(805) 642-4622 (Facsimile)*
ABALL@ballandyorkelaw.com

## *EX PARTE* APPLICATION

**PLEASE TAKE NOTICE** that, on December 18, 2019 at 10: 00 am (unless decided solely on the papers pursuant to standing orders), in Courtroom 640, located at 350 West 1st Street, Los Angeles, CA 90012-4565, pursuant to Federal Rules of Civil Procedure rules 45 and 71, and United States District Court, Central District of California Local Rule 7-19, as well as the Initial Standing Order in All Cases Assigned to District Judge Otis D. Wright, II , and the Scheduling Order(s), defendant Allstate Insurance Company( hereafter "Allstate") hereby moves the Court for the following Order(s):

(1) To grant an Order to Show Cause requiring Ms. Dawnyana Thurston (herinafter "Dawnyana Thurston") to appear before the this court on this court's first available date, at 10:00 am in Courtroom 640, located at 350 West 1st Street, Los Angeles, CA 90012-4565, to SHOW CAUSE why she should not be held in contempt for her failure to comply with the two previously properly served deposition  subpoenas and appear for her deposition ("Court Order");

(2) To extend time of the discovery cut off for the limited purpose of taking the deposition of Ms. Thurston at any time after the week of January 20, 2020;

(3) To impose sanctions, and hold Dawnyana Thurston in contempt after she was  served twice with deposition subpoenas, and failed to appear for her deposition, after she agreed to do so, without an adequate excuse pursuant to Fed. R. Civ. P., 45(g), and 71;

(4) To allow Allstate to serve Dawnyana Thurston of the Court Order by posting the Court documents on her front door and/or federal express, by US Mail

and by Electronic Mail as she has evaded and/or ignored service at this residence and all the other methods including personally on two separate occasions; and

(5) To consider the instant motion on an ex parte basis.

The grounds for Allstate's underlying ex parte motion are as follows:

(1) Allstate has personally served Dawnyana Thurston with the Subpoena of her deposition on two occasions;

(2) Dawnyana Thurston has failed to appear for her noticed deposition on July 11, 2019 and September 25, 2019 that were properly noticed, served and scheduled.  In fact, she initially agreed to appear on September 25, 2019, and then intentionally failed to appear saying "she had better things to do."  Also, she no longer responds to emails, telephone calls, email messages, mail and Federal Express;

(3) Dawnyana Thurston has never provided Allstate with an adequate excuse for disobeying the two deposition subpoenas served on her;

(5) Dawnyana Thurston has ignored the further attempts by Allstate as ordered by this court to make one last attempt to have her comply with the deposition subpoenas served on her prior to filing this motion;

The grounds for considering/hearing Allstate's motion on an ex parte basis are as follows:

(1) Allstate has been and will be unable to have a noticed motion heard, and the requested relief (deposition of Ms. Dawnyana Thurston) obtained, before the pending deadline for completion of non-expert discovery and the law and motion cut-off even though it has been diligently trying to conduct her deposition for the last five (5) months;

(2) absent ex parte relief, Allstate will be irreparably prejudiced by denial of access to important facts and information that corroborate Allstate's contentions (particularly regarding the activities on the day of the loss to which she was a percipient witness) as admissible first hand knowledge of the facts and

1  circumstances of the instant loss; and

2      (3)    The law and motion cut off in this matter is set for January 6, 2020 and it is not possible to serve a fully noticed motion with adequate notice to comply with that law and motion cut off date;

Allstate's ex parte application-motion is based on this notice; all pleadings, papers, and records in this action; the attached memorandum of points and authorities; the attached declarations and exhibits thereto; and upon such other oral and documentary evidence or argument as may be presented at the hearing of this ex parte motion.

**NOTICE ON CONFERENCE OF COUNSEL PER LOCAL RULE**: This motion is made following the conference of counsel pursuant to LR. 719.1 which took place on November 14, 2019 and December 10, 2019. [See U.S. Dist. Ct., C.D. Cal. LR. 7-19.1 ; see, Declaration of John V. Tamborelli ("JVT Decl.") Paragraphs 11-12.

DATED: December 16, 2019     Respectfully submitted,

**MacGREGOR MADHOK LLP**

By /s/ John V. Tamborelli
    **John V. Tamborelli**
Attorneys for Defendant
**Allstate Insurance Company**

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION AND SUMMARY OF FACTS

This Court should issue an Order requiring why Ms. Dawnyana Thurston (hereinafter "Dawnyana Thurston") to appear before the this court on its first available date, at 10:00 am in courtroom 640, located at 350 West 1st Street, Los Angeles, CA 90012-4565, to show cause why she should not be held in contempt for her failure to comply with the two previously properly served deposition subpoenas and appear for her deposition ("Court Order"), and to further Compel the deposition of Dawnyana Thurston for the week of January 20, 2020, allowing Allstate to reopen the non-expert discovery cut-off solely to conduct the deposition of this percipient witness, Dawnyana Thurston, to go forward at defense counsel's offices in Woodland Hills, California.

Further, this Court should impose monetary sanctions against Dawnyana Thurston for her failure to appear twice for depositions in which she was personally served with notice and subpoenas.

Lastly, Allstate respectfully requests the Court allow Allstate to effectuate service of the Court order by posting it to Dawnyana Thurston's residence front door, and/or by placing it in her mailbox/under her front door and by Federal Express, and email and US Mail as a result of difficulty Allstate has endured in previous attempts to personally serve Dawnyana Thurston at her residence and her refusal to respond at all even after she is served.

## 2. STATEMENT OF FACTS

By way of background, Dawnyana Thurston was a percipient witness to events as they unfolded at Plaintiffs, Leonard and Joyce Wilstein (collectively referred to herein as "Plaintiffs") Bel Air home, located at 2308 Donella Circle, Los Angeles, CA 90077-1801("Property") that allegedly occurred on or about February 17, 2017, when (1) water entered the Property through the sliding glass doors to the master bedroom, flooding the master bedroom and the lower floor

beneath it, and (2) water entered the Property through a sliding glass door on the first level, near the pool ("the Loss"). *See*, Declaration of John V. Tamborelli ("JVT Decl.") Paragraph 2. Specifically, Ms. Thurston is Plaintiffs' care-giver who was at the Property the day of the Loss.

Consequently, Allstate sought to depose Dawnyana Thurston on July 11, 2019, in order to learn what she witnessed on the day of the Loss. Thus, Allstate properly noticed and served Dawnyana Thurston with a deposition subpoena to appear and testify on July 11, 2017, but she failed to appear at her deposition and notice of non-appearance was made. *See*, JVT Decl., Paragraphs 3-4.

As a result, in an effort to informally resolve her failure to appear at her duly noticed deposition, Allstate's counsel made a number of attempts to speak with her and eventually was able to reach her by telephone and email on September 11, 2019. At that time, counsel reached agreement with her to take her deposition on September 25, 2019, at a location in Long Beach near her home and at a time that was convenient for her. In addition, she agreed to accept service of a new deposition subpoena for the new deposition date via email and mail, and she was so served. *See*, JVT Decl., Paragraphs 5-6.

Then, on September 24, 2019, the day before her agreed upon deposition date of September 25, 2019, Allstate's counsel made numerous attempts to contact her by telephone and email. She, however, was non - responsive. *See*, JVT Decl., Paragraph 7.

Nevertheless, on September 25, 2019, before Allstate's counsel, as well as Plaintiffs' counsel, traveled to Long Beach to appear at the agreed upon location, she spoke with Allstate's Counsel, Joshua Willis, by telephone and stated she was not going to appear at her deposition because "she had better things to do." Before she abruptly hung up on him, Mr. Willis advised her of the possible ramifications of violating a court order, and in particular, the possibility of imposition of monetary sanctions. *See*, Declaration of Joshua Willis, Paragraph 2. Thereafter,

another Notice of Non Appearance was taken, and a transcript of this proceeding of her non-Appearance was made. *See*, JVT Decl. Paragraph 8.

After she failed to appear on September 25, 2019, Allstate's counsel made further attempts to have her agree to appear and testify in accordance with this court's instructions; all of which, were ignored. *See*, JVT Decl., Paragraph 9.

Notably, all of these attempts to take Dawnyana Thurston's deposition occurred beginning at least five (5) months prior to the non-expert discovery cut-off date of November 8, 2019.

Lastly, according to the court calendar, the first available date for a regularly noticed motion is January 8, 2020, which is after the law and motion cut off hearing date of January 6, 2020, in this matter. Accordingly, the Court should grant Allstate's instant ex parte motion.

**3. LEGAL ARGUMENT**

    **A. The Subpoenas, and Service of the Subpoenas Upon Ms. Thurston, were valid requiring her appearance at deposition.**

A subpoena served pursuant to *Federal Rule of Civil Procedure*, Rule 45 shall "command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person." *See*, *Fed. R. Civ. P. Rule* 45(a)(1)(A)(iii). Every deposition subpoena must state the court from which it issued, state the title of the action and its civil-action number, specify to each person to whom it is directed the time and place set for the deposition, and set out the text of Rule 45(d) and (e). *See*, *Fed. R. Civ. P. Rule* 45(a)(1)(B)(i)-(iv). A subpoena commanding a deposition must also set forth the method for recording the testimony. *See*, *Fed. R. Civ. P. Rule* 45(a)(1)(B). Serving a subpoena requires "delivering a copy to the named person," which is interpreted to mean personal service. *See*, *Fed. R. Civ. P. Rule* 45(b)(1).

Here, Ms. Thurston was served with two subpoenas commanding her

appearance at a deposition, and she failed to comply with either subpoena. Significantly, both subpoenas served on Ms. Thurston complied with the substantive requirements of Rule 45. The subpoenas each indicated they were issued by the United States District Court for the Central District of California, stated the title of this action along with the civil-action number, and set out the text of Rule 45(d) and (e). The subpoenas commanded Dawnyana Thurston on the first occasion (after prior service for an original notice served on May 8, 2019 to all parties for an appearance on June 11, 2019, which could not be personally served on the witness) to appear on July 11, 2019 at 10:00 am at MacGregor Madhok at 21700 Oxnard Street Suite 1590, Woodland Hills CA 91367. Needless to say, she did not appear, and notice of non-appearance was prepared. *See*, JVT Decl. Paragraph 4.

The second subpoena required Dawnyana Thurston appear and testify, on September 25, 2019, based on her agreement to do so and request that it take place close to here home, which was arranged to take place at Regus Offices, Landmark Square, 111 West Ocean Blvd. 4th floor Long Beach CA 90802., and Also, the Notice stated the deposition will be recorded by stenographically. She again did not appear. JVT Decl., Paragraphs 4-5.

The First Subpoena for July 11, 2019 was personally served upon Ms. Thurston. *See*, JVT Decl., Paragraph 3. The Second Subpoena was served via email and US Mail on Dawnyana Thurston as agreed to by Dawnyana Thurston. JVT Decl., Paragraph 6.

**B.  Contempt Proceedings are Justified for Non-Compliance with Valid Subpoenas.**

In this case, Allstate has filed the instant ex parte application for an order to show cause and court order to compel the deposition of Ms. Dawnyana Thurston. As Ms. Thurston is a nonparty, the applicable procedure for seeking compliance with the deposition subpoena is an order to show cause re contempt. *Ceremello v.*

*City of Dixon*, No. CIV S-04-1423 DLF-EFB, 2006 WL 2989002, at note 2 (E.D. Cal. Oct. 18, 2006) ("As explained at the hearing, the 'motion to compel,' which is the remedy under the *Federal Rules* to compel a party's compliance with a discovery request, is not the applicable procedure to address [a nonparty's] alleged refusal to obey a duly-issued subpoena."); As such, the ex parte application for an order to compel Ms. Thurston's depositions is construed as a request for a court order to show cause re contempt for Ms. Thurston's failure to appear at either her July 11, 2019 or September 25, 2019, depositions.

Pursuant to Rule 45(e)(g), a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *See*, Fed. R. Civ. P. Rule 45(g). Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court. *United States Sec. & Exh. Comm'n v. Hyatt,* 621 F.3d 687, 693 (7th Cir. 2010). Where a party seeks a contempt sanction against a nonparty, that nonparty has the right to be heard in a meaningful fashion. *Hyatt*, supra, 621 F.3d at 696-97; see also *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1342 (8th Cir. 1975).

A contempt charge against a nonparty may be either of a criminal or a civil nature. See *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). Criminal contempt is deemed punitive as it is designed to punish the affront to the court. See *Gompers v. Bucks*, 221 U.S. 418, 441 (1911). It may include fines payable to the court and it also may include jail time.

Civil contempt, on the other hand, is meant to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries resulting from the non-compliance. *Falstaff Brewing Corp.*, supra, 702 F.2d at 778. The district court has wide latitude in deciding whether there has been contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). A civil contempt order must include a "purge" condition whereby it provides the contemnor with an opportunity to comply with the order before

payment of the fine or other sanction becomes due. *De Parcq v. U.S. District Court for the S. Dist. of Iowa,* 235 F.2d 692, 699 (9th Cir. 1956) ("[C]ivil contempt is conditional in nature and can be terminated if the contemnor purges himself of the contempt."). In imposing civil contempt sanctions, the court must impose the most minimal sanction necessary to coerce the contemnor to comply with the order. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). Where the objective of the contempt order is to ensure the contemnor's compliance, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probably effectiveness of any suggested sanction in bringing about the desired result." *Bademyan v. Receivable Mgmt. Servs. Corp.,* No. CV-08-00519, 2009 WL 605789, at note 3 (C.D. Cal. Mar. 9, 2009).

To establish civil contempt, Allstate must show by clear and convincing evidence that Ms. Thurston violated a specific order of the court. See *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). If Allstate satisfies that burden, the burden shifts to Ms. Thurston to show that she took every possible step to comply with the subpoena and to articulate reasons why compliance was not possible. See *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983). In considering the contemnor's reasons why compliance was not possible, the court may consider a history of noncompliance and a failure to comply despite the pendency of a contempt motion. See, *Stone*, supra, 968 F.2d at 856-57. If an alleged contemnor's actions were taken in good faith or based on a reasonable interpretation, she should not be held in contempt. *Id.*

As Allstate has established, Ms. Thurston violated specific and definite orders of the court by failing to appear for her depositions on both July 11, 2019 and September 25, 2019, pursuant to a duly issued subpoenas, such that Allstate's application for an order to show cause should be granted in its entirety.

### 3. CONCLUSION AND ORDER TO SHOW CAUSE

Because Ms. Thurston violated not one, but two, validly issued subpoenas in this case, which are the equivalent of court orders, the Court should compel Ms. Thurston to appear before this court on a date certain for an order to show cause for her failure to appear at her depositions and set her deposition on a date certain during the week of January 20, 2020 , and should impose monetary sanctions upon Plaintiff, in the amount of $3,282.95 in order to reimburse Allstate for all costs and attorneys' fees incurred as a result of her non appearances. JVT Decl., Paragraph 13.

Additionally, the Court should reopen discovery for the limited purpose of completing her deposition, and because a fully noticed motion could not be heard before the motion cut off date of January 6, 2020, the Court should do so on an *ex parte* basis.

DATED: December 16, 2019              Respectfully submitted,

**MacGREGOR MADHOK LLP**

By  /s/ John V. Tamborelli
        **John V. Tamborelli**
Attorneys for Defendant
**Allstate Insurance Company**

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I, **LOURDES CASAS**, am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to the within action; my business address is 21700 Oxnard Street, Suite 1590, Woodland Hills, California 91367-3669.

On **December 16, 2019**, I served the foregoing document described as **UNOPPOSED EX PARTE APPLICATION AND MOTION OF DEFENDANT ALLSTATE INSURANCE COMPANY FOR AN ORDER IN RE CONTEMPT OF THIRD-PARTY WITNESS DAWNYANA THURSTON FOR FAILURE TO APPEAR AT DEPOSITION; EXTEND THE TIME FOR THE LIMITED PURPOSE OF THE DEPOSITION; SANCTIONS; AND SERVICE BY POSTING ON DOOR OF HOME ETC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**; on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**Allen Ball, Esq.**
**Law Office of Ball & Yorke**
1001 Partridge Drive, Suite 330
Ventura, CA 93003
*(805) 642-5177*
*(805) 642-4622 (Facsimile)*
ABALL@ballandyorkelaw.com
(*Attorneys for Plaintiffs*)

**[ X ]  BY MAIL**

I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Woodland Hills, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that

1 practice, it would be deposited with the U.S. Postal Service on that same day in the
2
3 ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than
4 one day after date of deposit for mailing.
5
        Executed on December 16, 2019, at Woodland Hills, California.
6
7 [ X ]     **FEDERAL** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.
8
9                               /s/ Lourdes Casas
10                               **Lourdes Casas**

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF LOS ANGELES   )

I, **LOURDES CASAS**, am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to the within action; my business address is 21700 Oxnard Street, Suite 1590, Woodland Hills, California 91367-3669.

On **December 16, 2019**, I served the foregoing document described as ***UNOPPOSED EX PARTE* APPLICATION AND MOTION OF DEFENDANT ALLSTATE INSURANCE COMPANY FOR AN ORDER IN RE CONTEMPT OF THIRD-PARTY WITNESS DAWNYANA THURSTON FOR FAILURE TO APPEAR AT DEPOSITION; EXTEND THE TIME FOR THE LIMITED PURPOSE OF THE DEPOSITION; SANCTIONS; AND SERVICE BY POSTING ON DOOR OF HOME ETC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Dawnyana Thurston
6477 Atlantic Ave., Apt 312
Long Beach, California 90805
dawnyasymone@gmail.com

**[ X ]  BY ELECTRONIC SERVICE**

Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the document(s) listed above to be sent to the persons at the electronic notification addresses listed above.

**[ X ]  BY FEDERAL EXPRESS**

I caused such envelope or package designated by Federal Express,

airbill number <u>777256503067</u>, with delivery fees paid or provided for, to be deposited in a box or other facility maintained by Federal Express in Woodland Hills, California. I am "readily familiar" with the firm's practice of collection and processing outgoing correspondence. Under that practice, it would be deposited with the Federal Express on that same day in the ordinary course of business.

Executed on December 16, 2019, at Woodland Hills, California.

[ X ]   **FEDERAL** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

*/s/ Lourdes Casas*
**Lourdes Casas**